## MATTER OF KARIM

### In Visa Petition Proceedings

### A-19168493

*Decided by Board August 20, 1973*

While there are several methods to obtain a legal divorce under Pakistani law, irrespective of the method followed, certain procedures outlined in sections 7 and 8 of the Muslim Family Laws Ordinance (1961), XIV The Pakistan Code 67 (1967), must be complied with: (1) the husband (or wife, if she initiates the divorce; or the court, if the wife seeks a khula divorce in court) must notify the Chairman of the Arbitration Council in writing of the desire for a divorce; and (2) within 30 days after receipt of this notice, the Chairman must begin reconciliation proceedings. In the absence of evidence in the instant case showing that beneficiary's first wife complied with the above procedures in obtaining the purported Pakistani divorce from beneficiary, the legal termination of beneficiary's first marriage and, hence, the validity of his subsequent marriage to the United States citizen petitioner have not been established for immigration purposes.

The United States citizen petitioner applied for immediate relative status for the beneficiary as her spouse under section 201(b) of the Immigration and Nationality Act. The District Director denied the application in a decision dated August 7, 1972 on the ground that the beneficiary's previous marriage had not been legally terminated. The petitioner appeals from that decision. We agree with the District Director; the appeal will be dismissed.

The petitioner and the beneficiary, a native and citizen of Pakistan, were married in the State of Washington on August 23, 1971. The beneficiary was previously married in Pakistan. He has submitted an affidavit in which he states that he and his first wife were divorced by mutual consent through an exchange of letters on July 25, 1970. He has also submitted three affidavits by his former wife in which she states that she divorced him. In one of these affidavits she states that the divorce took effect on November 5, 1967, while in the other two the effective date is given as July 25, 1970.

In response to our request, Mr. Krishan S. Nehra, Legal Specialist, American-British Law Division of the United States Library of Congress, has prepared a memorandum on divorce law in Pakistan, dated July 11, 1973. According to this memorandum, there

are several ways to obtain a legal divorce under Pakistani law. We shall discuss only those that are applicable to the case at hand.

There are two types of divorce by mutual consent. One, called khula divorce, involves an offer, made by the wife and accepted by her husband, to compensate the husband if he releases her from her marital duties. Once the offer is accepted, the divorce is immediately effective; its operation is not postponed until the execution of the written document called the deed of khula or khulanama, Library of Congress memorandum, supra at 4. (If the husband refuses to grant a khula divorce, the wife may seek one from the court, id. at 9.) The other divorce by mutual consent is called mubara't. It is obtained when both parties desire separation, instead of at the instance of the wife. Otherwise it is like the khula, id. at 5.

Whether either of these mutual consent divorces can be obtained through an exchange of letters is questionable. Among Sunni Muslims the divorce (talaq) may be written or oral and need not be pronounced in the presence of the wife. However, without a written document, proof of such a divorce is difficult, id. Among Shia Muslims the talaq must be pronounced orally in the presence of the wife and two competent witnesses in a set of Arabic words, id. at 5-6. Such a divorce communicated solely in writing is not valid unless the husband is physically incapable of speech, id. at 6. It is not known whether the beneficiary or his wife is a member of either of these groups.

Although there is a discrepancy in the date of the purported divorce in the wife's three affidavits, she clearly states in all three that she divorced her husband. Nowhere does she mention divorce by mutual consent or any exchange of letters. Under Pakistani law, IX The Pakistan Code 716 (1966), a wife may divorce her husband on certain grounds, none of which appears to be applicable in this case or is mentioned in her affidavits. Under Muslim personal law, a wife may divorce her husband if he has delegated that power to her. No proof has been offered that such a delegation of power was made in this case.

No matter which of these or other methods of divorce is resorted to, certain procedures, outlined in section 7 and section 8 of the Muslim Family Laws Ordinance, 1961, XIV The Pakistan Code 67 (1967) (See Appendix), must be followed: (1) the husband (or wife, if she initiates the divorce; or the court, if the wife seeks a khula divorce in court) must notify the Chairman of the Arbitration Council in writing of the desire for a divorce; and (2) within 30 days after receipt of this notice, the Chairman must begin reconciliation proceedings. The divorce does not become effective until the

expiration of 90 days from receipt of the notice by the Chairman, Library of Congress Memorandum, supra at 3, 4, 5, 9 & 10.

The record is ambiguous as to the method by which the purported divorce was obtained, and there is no evidence tending to show that the above procedures were followed. Without this evidence, we are in no position to conclude that the marriage between the beneficiary and his first wife has been legally terminated in accordance with Pakistani law. Consequently, we cannot recognize as valid for immigration purposes the subsequent marriage between the beneficiary and the petitioner, upon which the visa petition depends.

Although we must dismiss the appeal, the beneficiary is not precluded from seeking a divorce from his first wife under local United States law, remarrying the petitioner, and having the petitioner submit another visa petition in his behalf.

**ORDER:** The appeal is dismissed.

## APPENDIX

### THE MUSLIM FAMILY LAWS ORDINANCE, 1961
### ORDINANCE NO. VIII OR 1961 [2d MARCH 1961]

. . . .

7. Talaq [divorce]—(1) Any man who wishes to divorce his wife shall, as soon as may be after the pronouncement of *talaq* in any form whatsoever, give the Chairman [of the Union Council of the Ward where the wife resides] notice in writing of his having done so, and shall supply a copy thereof to the wife.

(2) Whoever contravenes the provisions of sub-section (1) shall be punishable with simple imprisonment for a term which may extend to one year or with fine which may extend to five thousand rupees or with both.

(3) Save as provided in sub-section (5), a *talaq* unless revoked earlier, expressly or otherwise, shall not be effective until the expiration of ninety days from the day on which notice under sub-section (1) is delivered to the Chairman.

(4) Within thirty days of the receipt of notice under sub-section (1), the Chairman shall constitute an Arbitration Council for the purpose of bringing about a reconciliation between the parties, and the Arbitration Council shall take all steps necessary to bring about such reconciliation.

(5) If the wife be pregnant at the time *talaq* is pronounced, *talaq* shall not be effective until the period mentioned in sub-section (3) or the pregnancy, whichever be later, ends.

419

(6) Nothing shall debar a wife whose marriage has been terminated by *talaq* effective under this section from re-marrying the same husband, without an intervening marriage with a third person, unless such termination is for the third time so effective.

8. Dissolution of marriage otherwise than by talaq—Where the right to divorce has been duly delegated to the wife and she wishes to exercise that right, or where any of the parties to a marriage wishes to dissolve the marriage otherwise than by *talaq*, the provisions of section 7 shall, *mutatis mutandis* and so far as applicable, apply.

. . . .